IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MONTY LEE HIGHTOWER** individually, and on behalf of all others similarly situated, 1370 Camden Ct., Mobile, AL 36695<br><br>*Plaintiff*,<br><br>v.<br><br>**ALERTZPRO LLC,** 8507 Oxon Hill Road, STE 200, STE 300, Fort Washington, MD 20744<br><br>*Defendant*. | Case No. |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

**Nature of this Action**

1. Monty Lee Hightower ("Plaintiff") brings this class action against Alertzpro LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. This Court has specific personal jurisdiction over Defendant and venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this District.

1

**Parties**

5.  Plaintiff is a natural person who resides in Mobile, Mobile County, Alabama.

6.  Defendant is a limited liability company that resides in Fort Washington, Prince George's County, Maryland.

**Factual Allegations**

7.  Plaintiff is, and since March 23, 2025, the subscriber and customary user of cellular telephone number—850-866-XXXX.

8.  The telephone number is a personal residential telephone number.

9.  Plaintiff does not have a landline.

10. Plaintiff uses 850-866-XXXX primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

11. Plaintiff does not have any other telephone number.

12. Plaintiff has a personal cellphone plan which he pays for.

13. Plaintiff does not use the telephone number 850-866-XXXX for business or commercial purposes.

14. Plaintiff registered telephone number 850-866-XXXX with the DNC Registry on March 23, 2025.

15. Defendant delivered, or caused to be delivered, at least twenty-four text message messages from short code 74473 to telephone number 850-866-XXXX from April 3, 2025 to July 5, 2025.

16. Screenshots of samples of the text messages are below:





17. Defendant delivered, or caused to be delivered, the subject text messages to telephone number 850-866-XXXX thirty-one or more days after Plaintiff registered telephone number 850-866-XXXX with the DNC Registry.

18. The subject text messages were intended for someone other than, and unknown to, Plaintiff.

19. The purpose of the subject text messages was to advertise and market Defendant's business or services.

20. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number 850-866-XXXX.

21. Plaintiff did not request information or promotional materials from Defendant.

22. Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

23. Upon information and good faith belief, Defendant knew, or should have known, that telephone number 850-866-XXXX was registered with the DNC Registry.

**Class Action Allegations**

24. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) who did not provide their telephone number to Alertzpro LLC (2) to whom Alertzpro LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Alertzpro LLC's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Alertzpro LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month

period, (4) within four years preceding the date of this complaint and through the date of class certification.

25. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

26. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

27. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

28. The class is ascertainable because it is defined by reference to objective criteria.

29. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

30. Plaintiff's claims are typical of the claims of the members of the class.

31. As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

32. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

33. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

34. Plaintiff suffered the same injuries as the members of the class.

35. Plaintiff will fairly and adequately protect the interests of the members of the class.

36. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the

interests of the members of the class.

37. Plaintiff will vigorously pursue the claims of the members of the class.

38. Plaintiff has retained counsel experienced and competent in class action litigation.

39. Plaintiff's counsel will vigorously pursue this matter.

40. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

41. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

42. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

   b. Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. Defendant's violations of the TCPA; and

   d. The availability of statutory penalties.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

44. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

45. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

46. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

47. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

48. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

49. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

50. There will be no extraordinary difficulty in the management of this action as a class action.

51. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)

52. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-51.

53. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

54. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

57. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

58. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

59. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

60. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this July 18, 2025.

*/s/ John McGowan*
John McGowan
Managing Member
Kinner & McGowan, PLLC
413 East Capital St. SE
Washington, DC 20003
(202) 846-7148
jmcgowan@kinnermcgowan.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com